# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV622 AGF |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of plaintiff (registration no. 1148479), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee.    For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $49.17.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that some of the claims in the complaint will be dismissed at this time.  However, the Court will additionally order the Clerk to issue process on several of the defendants and claims pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $126.58, and an average monthly balance of $245.87.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $49.17, which is 20 percent of plaintiff's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at

-3-

1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

### The Complaint

Plaintiff, an inmate currently housed at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at the Farmington Correctional Center ("FCC").  Named as defendants are: George Lombardi (Director, Missouri Department of Corrections ("MDOC")); Matthew Pierce (MDOC Investigator); John Doe (Warden, FCC in 2012); Claudia Unknown (Functional Unit Manager at FCC in 2012); Dwayne Kemper (Deputy Division Director of Adult Institutions, MDOC); Michael Gann (Deputy Warden, FCC); Unknown S. Crews (Functional Unit Manager, FCC); Unknown Peura (Correctional Officer, FCC); Amber Wampler (Case Manager, FCC); Cheryl Thompson (Functional Unit Manager, SECC); and Ian Wallace (Warden, SECC).  Defendants are named in both their official and individual capacities.

Plaintiff alleges that in June of 2012 he was placed under investigation for a possible sexual assault.  He claims that on July 11, 2012 he was charged with forcible sexual misconduct after defendant Pierce instituted an investigation when he allegedly received information from an unnamed "reliable source."  Plaintiff states that he was

-4-

told the alleged incident occurred on June 1, 2012 at 9:00 a.m. in Housing Unit 2-C-Cell 24 at FCC.  However, plaintiff asserts that the incident never took place.  Plaintiff states that he was "found guilty" of forcible sexual misconduct on July 18, 2012, referred for prosecution and required to spend a year in solitary confinement.  However, plaintiff claims to have submitted evidence of his innocence and a solid alibi, including evidence showing that he was "at work" at the date and time of the alleged incident.

Plaintiff claims that he requested the video cameras of the alleged incident to be reviewed and that he be allowed to verify that the alleged victim (inmate Dillon Dougan) was also at work during the incident, but that he was denied an opportunity to present both avenues of evidence at his hearings by defendant Gann and through the offender grievance procedure, reviewed by defendants John Doe Warden of FCC in 2012, Claudia Unknown, Crews and Peura.

He claims he then submitted his evidence to defendant Kemper and it was denied without further investigation.

Plaintiff states that at one point he went to his caseworker, defendant Wampler with "sufficient evidence" of his innocence, but she also acted with deliberate indifference to his requests to have her review the video evidence and plaintiff's and the victim's work schedules for the day of the alleged incident.  Plaintiff believes that

defendant Wampler had the ability to intervene on his behalf to obtain his relief from solitary confinement.

Plaintiff states that he was later provided an affidavit from the alleged victim stating that the alleged incident never took place and that he was, in fact, at work during the alleged incident.  He claims he submitted this new evidence to defendants Thompson and Wallace and they refused to "correct the mistakes made by their fellow employees" of MDOC.

Plaintiff claims that he contacted defendant Lombardi on several occasions regarding his alleged innocence, the procedural errors in the investigation and hearing process and plaintiff's inability to present evidence, but that he never heard back from defendant Lombardi.  He claims that he additionally provided defendant Lombardi with a copy of the alleged victim's affidavit attesting to plaintiff's innocence, but that he has still not heard back from defendant Lombardi.  Plaintiff remains in solitary confinement.

Plaintiff asserts that defendants violated his rights to due process at all stages of his administrative review, from the initial investigation all the way up through the appeals process.  Plaintiff additionally alleges that defendants have failed to provide him a meaningful review of his administrative findings throughout his year in solitary

confinement.  Plaintiff seeks an order directing defendants to release him from solitary confinement, as well as compensatory damages against each defendant.

## Discussion

For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995).  Plaintiff has alleged that he has spent more than a year at FCC and SECC (taken together) in solitary confinement based on one alleged specific conduct violation.  He also alleges a "rubber stamping" type of review of his administrative appeals, by several of the defendants listed above.  Plaintiff's allegations are sufficient to implicate a liberty interest at this juncture of the case based on the sheer length of time he has spent in solitary confinement at two separate MDOC facilities, as well as claims of a failure of several of the defendants to engage in a meaningful review of his administrative appeals. See, e.g., Hewitt v. Helms, 459 U.S. 460 n.9 (1983); see also Kelly v. Brewer, 525 F.2d 394, 399-400 (8th Cir. 1975) (where inmate is held in administrative segregation for prolonged or indefinite period, due process requires that his situation be reviewed periodically in meaningful way; administrative segregation is not punitive, it looks to present and future rather than to past, and it involves exercise of administrative judgment and prediction of what inmate will probably do or have done to him if he is permitted to return to population after period of segregation; reason for

-7-

segregation must not only be valid at outset but must continue to subsist during period of segregation). As such, the Court will direct the Clerk to issue process on plaintiff's due process claims against the named defendants in their individual capacities.

Plaintiff's claims against defendants in their official capacities, however, are subject to dismissal.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Id.  As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $49.17 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants in their individual capacities

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims against defendants in their official capacities because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of June, 2013.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

-9-