UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV622 AGF |
| ) | |
| GEORGE A. LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff's motion for preliminary injunction. Because of facts alleged in plaintiff's complaint, as well as in his motion for preliminary injunction, the Court believes that an expedited briefing schedule is necessary in this matter. As such, defendants will be required to respond to plaintiff's motion no later than July 3, 2013, as set forth in more detail below.

**The Complaint**

Plaintiff, an inmate currently housed at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Farmington Correctional Center ("FCC") and SECC. Named as defendants are: George Lombardi (Director, Missouri Department of Corrections ("MDOC")); Matthew Pierce (MDOC Investigator); John Doe (Warden, FCC in 2012);

Claudia Unknown (Functional Unit Manager at FCC in 2012); Dwayne Kemper (Deputy Division Director of Adult Institutions, MDOC); Michael Gann (Deputy Warden, FCC); Unknown S. Crews (Functional Unit Manager, FCC); Unknown Peura (Correctional Officer, FCC); Amber Wampler (Case Manager, FCC); Cheryl Thompson (Functional Unit Manager, SECC); and Ian Wallace (Warden, SECC).

To summarize plaintiff's allegations, he claims that during his incarceration at FCC, he was placed in solitary confinement sometime between June and July of 2012 after being found guilty of forcible sexual misconduct - a crime which purportedly occurred in a housing unit at FCC.[1] Plaintiff claims to have submitted evidence at his original hearing (and throughout the appeals process) of his innocence and a solid alibi, including evidence showing that he was "at work" at the date and time of the alleged incident. He claims that he was denied the opportunity throughout the administrative review process to present an affidavit from the alleged victim proclaiming plaintiff's innocence, video evidence also showing his innocence and evidence that he and the alleged victim were both at work during the alleged time the "crime" was committed.

---

[1] It is unclear from the record exactly when plaintiff was placed in solitary confinement. In his complaint, plaintiff states that he was "found guilty" of forcible sexual misconduct on July 18, 2012, referred for prosecution and required to spend a year in solitary confinement. In his motion for preliminary injunction, he claims that he has been in "solitary confinement since June 1st, 2012."

Plaintiff asserts that defendants violated his right to due process at all stages of his administrative review, from the initial investigation all the way up through the appeals process.  Plaintiff additionally alleges that defendants have failed to provide him a meaningful review of the administrative findings related to plaintiff throughout his year in solitary confinement.  Plaintiff also alleges that he has been subjected to cruel and unusual punishment by continuing to expose him to solitary confinement for the past year.

In his complaint, plaintiff seeks an order directing defendants to release him from solitary confinement, as well as compensatory and punitive damages against each defendant.

## Discussion

On June 17, 2013, the Court issued process on plaintiff's complaint against defendants in their individual capacities, finding that his due process claims under the 14th Amendment and his claims for cruel and unusual punishment under the 8th Amendment passed frivolity review under 28 U.S.C. § 1915.  On June 25, 2013, plaintiff filed a motion for mandatory preliminary injunction, seeking release from solitary confinement and an order prohibiting defendants from acting in a retaliatory manner.

Plaintiff asserts he is being subjected "to harassment for filing [a] lawsuit and being retaliated against by excessive solitary confinement and . . . unless restrained, defendant Cheryl Thompson [will] continue excessive solitary confinement [citation omitted] and unless restrained defendant Ian Wallace will approve of these actions." Plaintiff additionally seeks transfer to another Missouri Department of Corrections facility.

To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to the movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).

Because Plaintiff seeks injunctive relief, and, according to the motion, is being subjected to solitary confinement for perhaps more than one year and purportedly as retaliation for having filed suit, the matter requires a prompt response from defendants. As such, defendants are ordered to file their responsive brief and exhibits on or before July 3, 2013. To properly evaluate procedural matters related to the motion, defendants are directed in their responsive brief to include: (1) the dates and circumstances relative to plaintiff's placement in solitary confinement, including the allegations surrounding the claim that he engaged in

-4-

"forcible sexual assault" at FCC, the hearing process he was subjected to, his opportunity to present evidence on his own behalf, the actual "finding" and "sentence" of guilt relative to the claim that he engaged in "forcible sexual assault" at FCC;

(2)  the length of time plaintiff has spent in solitary confinement and/or administrative segregation or both, at FCC and SECC, and the difference between administrative segregation and solitary confinement at these institutions;

(3)  the hearings and administrative review processes he has received relative to his placement in solitary confinement, including the dates upon which he underwent each hearing or review;

(4)  the date of plaintiff's transfer from FCC to SECC;

(5) copies of the reviews of plaintiff's placement in solitary confinement, if any, he has received since his placement in solitary confinement;

(6)  the factual circumstances surrounding plaintiff's conditions in solitary confinement, such as access to the law library, recreation, showers, changes of clothing, changes of bedding, meals, privileges, etc.; and

(7) Missouri Department of Corrections regulations/procedures relating to the treatment of inmates relative to their placement and/or stay in administrative segregation and solitary confinement.

Upon receipt of the foregoing, the Court will make a determination as to plaintiff's motion for appointment of counsel and the timing of any hearing on plaintiff's motion for injunctive relief. Defendants' failure to provide the aforementioned may result in the imposition of sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that **defendants shall file a response to plaintiff's motion for preliminary injunction no later than July 3, 2013**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Memorandum and Order on defendants' counsel by serving Asst. Attorney General Joel A. Poole through the Court's CM/ECF service at joel.poole@ago.mo.gov.

Dated this 26th day of June, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE