UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL A. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:13CV00622 AGF |
| GEORGE A. LOMBARDI, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of nine of the eleven Defendants to dismiss Plaintiff Michael Thomas's second amended complaint for failure to state a claim.[1] Defendants are Missouri Department of Corrections ("MDC") officials sued under 42 U.S.C. §1983 by Plaintiff, a Missouri inmate, for violation of his constitutional rights. For the reasons set forth below, the motion to dismiss shall be granted.

## BACKGROUND

Plaintiff filed this action pro se on April 1, 2013, alleging that Defendants violated his constitutional rights by his continued placement in administrative segregation since June 2012. On July 15, 2013, this Court granted Plaintiff's motion for the appointment of counsel. (Doc. No. 17.) On October 24, 2013, a hearing was held on Plaintiff's motion

---

[1] The moving Defendants are Claudia Arciniega, Steven Crews, Michael Gann, Dwayne Kempker, George Lombardi, Robert Peura, Matthew Pierce, Tom Villmer and Amber Wampler.

for a preliminary injunction. That motion was dismissed upon agreement of the parties following the hearing.

In his second amended complaint, filed on December 4, 2013, with the assistance of appointed counsel, Plaintiff alleges that he was placed in administrative segregation on June 21, 2012, after being charged with sexually assaulting another inmate. On July 18, 2012, Plaintiff was found guilty of the assault and was assigned to remain in administrative segregation at the facility in which he was then incarcerated. He alleges that the investigation into the charge, conducted by Defendant Pierce, was not properly conducted and that administrative segregation committee hearings, conducted by Defendants Crews, Gann, and Peura, were unfair because they did not address Plaintiff's defense as he thought they should. Three other Defendants are named for failing to properly review Plaintiff's appeals.

Plaintiff was transferred to Southeast Correctional Center ("SECC") on August 14, 2012, where he was assigned to an administrative segregation unit. He received periodic reviews of his classification, and each time he was kept in administrative segregation based upon the initial conduct violation of sexual assault.

Plaintiff alleges that on June 7, 2013, he was informed by Defendant Cheryl Thompson that he was being moved to a more restrictive administrative segregation unit, and that at his review on July 19, 2013, Thompson told him that she was keeping him in administrative segregation for another 90 days "because she can." Plaintiff further alleges that on August 30, 2013, Defendant Ian Wallace, the warden at SECC, told him, using a racial slur, that he would have let Plaintiff out of administrative segregation had

2

he not filed the present lawsuit. The claims against Thompson and Wallace are not covered by the current motion.

Plaintiff identifies three constitutional rights that were violated – his Eighth Amendment right to be free from cruel and unusual punishment (Count I); his right to due process (Count II); and his First Amendment right, based on the allegation that Defendants retaliated against him for filing this lawsuit by keeping him in administrative segregation after he should have been released to general population (Count III). The second amended complaint lists Lombardi, the Director of MDC, and Wampler as Defendants but includes no allegations about their conduct. The second amended complaint does not specify in which capacity Defendants are being sued. In each count Plaintiff asks for declaratory relief, injunctive relief, and damages.

The moving Defendants argue that the second amended complaint should be dismissed because Plaintiff failed to allege facts sufficient to state a claim under 42 U.S.C § 1983, Plaintiff did not suffer a constitutional violation, and Defendants are named in their official capacities and are immune from claims for damages. As stated above, the two non-moving Defendants are Cheryl Thompson and Ian Wallace. In response to the motion to dismiss, Plaintiff summarily argues that he has sufficiently pleaded facts to state a cause of action against Defendants.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombl*y, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. In sum, this standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *see also Retro Television Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). The Court must '"draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *See Zoltek Corp. v. Structural Polymer Grp.,* 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citation omitted)).

The Court first notes that none of the moving Defendants were alleged to have been involved in the alleged retaliation, and so they are entitled to dismissal of Count III. With respect to Counts I and II, the moving Defendants correctly argue that they are not subject to liability for monetary damages because Plaintiff did not state in his pleadings that they were being sued in their individual capacities. It is presumed, therefore, that they are being sued only in their official capacity, thereby barring any claim against them for monetary damages. *See, e.g., Thomas v. Dorris*, No. 1:09-CV-85-SNLJ, 2010 WL

1254625, at *2 (E.D. Mo. Mar. 24, 2010); *Morr v. Mo. Dep't of Mental Health*, No. 4:08CV359 RWS, 2009 WL 1140108, at *4 & n.3 (E.D. Mo. Apr. 28, 2009).

Plaintiff's claims for declaratory and injunctive relief as to Counts I and II also fail as to the moving Defendants. Generally, the placement of a prisoner in administrative segregation is not considered cruel and unusual punishment. *See Jones v. Mabry*, 723 F.2d 590, 594–95 (8th Cir. 1983). As for the duration of Plaintiff's segregation, the Eighth Circuit Court of Appeals has held that an inmate sentenced to nine years in administrative segregation fails to implicate the Eighth Amendment. *See Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994). Nor do any of the conditions of the administrative segregation alleged by Plaintiff implicate the Eighth Amendment. *See Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).

In order to prevail on his due process claim, Plaintiff must establish the imposition of "'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *See id.* at 847 (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In this context, "any liberty interest must be an interest in the nature of the prisoner's confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined." *Id*. (citation omitted). After accepting the factual allegations in Plaintiff's second amended complaint as true and drawing all reasonable inferences in his favor, the Court finds that he fails to plead sufficient facts to suggest a violation of his due process rights.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the nine moving Defendants' motion to dismiss the second amended complaint as to them is **GRANTED**.  (Doc. No. 68.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2014.