UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13CV00622 AGF |
| GEORGE LOMBARDI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to file a third amended complaint. Plaintiff, a Missouri inmate, initiated this action pro se on April 1, 2013, claiming that several prison officials violated his constitutional rights in connection with his prolonged placement in solitary confinement. The nine Defendants were named in both their official and individual capacities. By Order dated June 17, 2013, the Court directed process to issue as to Defendants in their individual capacities, and dismissed them in their official capacities.

On July 17, 2013, the Court appointed counsel to represent Plaintiff. On September 12, 2013, counsel filed an amended complaint and then on December 4, 2013, a second amended complaint, against the nine original Defendants. Neither of these amended complaints specified in what capacity Defendants were being sued. On January 28, 2014, the Court granted Defendants' motion to dismiss with respect to several Defendants, leaving two Defendants in the case, Cheryl Thompson and Ian Wallace.

On September 15, 2014, Defendants filed a motion for summary judgment. They addressed Plaintiff's claims against them in their official capacities, correctly noting that when a complaint fails to state in which capacity a defendant is being sued, the defendant is only sued in his or her official capacity. *See Thomas v. Dorris*, No. 1:09-CV-85-SNLJ, 2010 WL 1254625, at *2 (E.D. Mo. Mar. 24, 2010).

On October 6, 2014, Plaintiff filed a response to the motion for summary judgment, as well as the present motion for leave to file a third amended complaint "to make it clear" that Thompson and Wallace are being sued in both their official and individual capacities. Defendants argue that allowing Plaintiff's proposed Third Amended Complaint would cause undue prejudice to Defendants and undue delay. Defendants state that if Plaintiff's motion for leave is granted, they will seek leave to file a supplemental motion for summary judgment to raise defenses to the claims against them in their individual capacities.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should grant leave to amend a pleading "freely . . . when justice so requires." The Court believes that here, Plaintiff should be permitted to file the proposed third amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file a third amended complaint is **GRANTED**. (Doc. No. 87)

**IT IS FUTHER ORDERED** that the Clerk of Court shall separate the proposed third amended complaint that is attached as an exhibit to Plaintiff's motion and docket it as Plaintiff's Third Amended Complaint.

**IT IS FUTHER ORDERED** that Defendants shall have 30 days from the date of this Memorandum and Order to file a supplement to their motion for summary judgment and memorandum in support thereto. Plaintiff shall then have 14 days thereafter to file a response, and Defendants shall have 14 days for any reply.

*[signature]*
_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.